Tamany Vinson Bentz (SBN 258600)
CALIFORNIA IP LAW APC
425 15th Street, #3075
Manhattan Beach CA 902666
310.991.0456
tamany@caiplawyer.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH SOKOLOV,<br><br>Plaintiff,<br><br>vs.<br><br>DENISE LEVINE,<br><br>Defendant | Case No.: 26-CV-3245<br><br>**COMPLAINT AND JURY DEMAND** |

1. Plaintiff Elizabeth Sokolov has built a reputation and brand as a marriage and family therapist using the trademark ONE MIND THERAPY. Plaintiff has used ONE MIND THERAPY since 2016 for her services. During that time, Plaintiff has invested over $300,000 in services to market and grow the ONE MIND THERAPY brand.

2. Recently, Defendant started using ONE MIND THERAPY to market her own therapy services in California. Defendant's use of Plaintiff's trademark is likely to cause confusion among consumers. Moreover, Defendant's use of Plaintiff's trademark allows her to unfairly benefit from the hundreds of thousands of dollars that Plaintiff has invest in growing the brand and its goodwill.

3.

## PARTIES

4. Plaintiff Elizabeth Sokolov is an individual conducting business in the State of California. Ms. Sokolov is a licensed marriage and family therapist. She has been offering therapy services since 2016 and started using the trademark One Mind Therapy for those services in 2018. Through One Mind Therapy Ms. Sokolov offers individual, online therapy throughout the State of California.

5. Defendant Denise Levine is an individual residing in the State of California and conducting business in California and specifically in Newport Beach. Ms. Levine recently started offering therapy services using Plaintiff's One Mind Therapy trademark.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), which grants the district courts original jurisdiction over any civil action arising under any Act of Congress relating to trademarks.

6. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to Plaintiff's federal trademark claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. This Court has personal jurisdiction over Defendant because Defendant resides in California and conducts business in California, where the infringing activities occurred.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as Defendant resides in California and a substantial part of the events giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff Elizabeth Sokolov operates a therapy business in California under the name ONE MIND THERAPY.

10. Plaintiff began using the mark ONE MIND THERAPY in connection with the provision of therapy services in California in 2018.

11. Plaintiff has continuously used the mark ONE MIND THERAPY in commerce since 2018 to identify and distinguish her therapy services from those provided by others. Plaintiff has invested over $40,000 in marketing and public relations to increase consumer awareness of the ONE MIND THERAPY mark and Plaintiff's business. Plaintiff's husband additionally invested over $250,000 of online marketing services to grow Plaintiff's business, goodwill and consumer perception.

12. Through Plaintiff's investment, extensive and continuous use of the mark ONE MIND THERAPY since 2018, the mark has acquired secondary meaning and has become associated exclusively with Plaintiff's therapy services in the minds of consumers in California.

13. Plaintiff has invested substantial time, effort, and resources in building goodwill and reputation in connection with the ONE MIND THERAPY mark.

14. Plaintiff has a pending federal registration for ONE MIND THERAPY for therapy services with the United States Patent and Trademark Office and has acquired common law trademark rights in the mark through her continuous use in commerce.

15. Defendant Denise Levine is also providing therapy services in California.

16. Defendant is using the identical mark ONE MIND THERAPY in connection with her therapy services in California.

17. Defendant's use of the mark ONE MIND THERAPY began after Plaintiff's first use of the mark in 2018.

18. Defendant's use of the mark ONE MIND THERAPY is likely to cause confusion, mistake, or deception among consumers as to the source, affiliation, or sponsorship of the therapy services offered by Defendant.

19. Defendant's use of the identical mark ONE MIND THERAPY for identical services creates a likelihood of confusion among consumers who may believe that Defendant's therapy services originate from, are affiliated with, or are sponsored by Plaintiff.

20. As a result of Defendant's unauthorized use of the mark ONE MIND THERAPY, Plaintiff has suffered and continues to suffer damage to her business reputation and goodwill.

21. Defendant's conduct has caused and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

**COUNT I — COMMON LAW TRADEMARK INFRINGEMENT**

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21.

23. Plaintiff has established common law trademark rights in the mark ONE MIND THERAPY through her continuous use of the mark in commerce in connection with therapy services in California since 2018.

24. Plaintiff's mark ONE MIND THERAPY is distinctive and has acquired secondary meaning, identifying Plaintiff as the source of therapy services offered under that mark.

25. Defendant is using the identical mark ONE MIND THERAPY in connection with therapy services in the same geographic market as Plaintiff.

26. Defendant's use of the mark ONE MIND THERAPY without authorization creates a likelihood of confusion among consumers as to the source, affiliation, connection, or sponsorship of Defendant's therapy services.

27. Consumers are likely to believe that Defendant's therapy services originate from Plaintiff, are affiliated with Plaintiff, or are sponsored or approved by Plaintiff.

28. Defendant's unauthorized use of Plaintiff's mark constitutes common law trademark infringement.

29. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and continues to suffer substantial damages, including loss of business, loss of goodwill, damage to reputation, and loss of control over the quality of services associated with the mark ONE MIND THERAPY.

30. Defendant's infringement has caused and will continue to cause irreparable injury to Plaintiff for which monetary damages are an inadequate remedy.

**COUNT II — UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30.

32. Plaintiff has acquired valuable goodwill and reputation in the mark ONE MIND

THERAPY through her continuous use of the mark in connection with therapy services in California since 2018.

33. Defendant's unauthorized use of the identical mark ONE MIND THERAPY for therapy services in California constitutes unfair competition under California common law.

34. Defendant's conduct is calculated to and does pass off Defendant's therapy services as those of Plaintiff.

35. Defendant's use of the mark ONE MIND THERAPY is likely to cause confusion, mistake, or deception among consumers as to the source or origin of Defendant's therapy services.

36. Defendant's conduct constitutes unfair business practices that unfairly compete with Plaintiff's business and misappropriate Plaintiff's goodwill.

37. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and continues to suffer substantial damages, including loss of business, loss of goodwill, damage to reputation, and diversion of customers.

38. Defendant's unfair competition has caused and will continue to cause irreparable injury to Plaintiff for which monetary damages are an inadequate remedy.

**COUNT III – FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. §1125 (A).**

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38.

40. Plaintiff has used the mark ONE MIND THERAPY since 2016 to market her therapy services.

41. Defendant is using the mark ONE MIND THERAPY in connection with therapy services in the same geographic market as Plaintiff.

42. Defendant's use of the mark ONE MIND THERAPY without authorization creates a likelihood of confusion among consumers as to the source, affiliation, connection, or sponsorship of Defendant's therapy services.

43. Consumers are likely to believe that Defendant's therapy services originate from Plaintiff,

are affiliated with Plaintiff, or are sponsored or approved by Plaintiff.

44. Defendant's unauthorized use of Plaintiff's mark constitutes a violation of 15 U.S.C. § 1125.

45. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer substantial damages, including loss of business, loss of goodwill, damage to reputation, and loss of control over the quality of services associated with the mark ONE MIND THERAPY.

46. Defendant's infringement has caused and will continue to cause irreparable injury to Plaintiff for which monetary damages are an inadequate remedy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

1. A declaration that Plaintiff has superior common law trademark rights in the mark ONE MIND THERAPY;
2. A permanent injunction enjoining Defendant, her agents, employees, successors, and all persons acting in concert with her from:
    - Using the mark ONE MIND THERAPY or any confusingly similar mark in connection with therapy services or any other goods or services;
    - Engaging in any conduct that infringes upon Plaintiff's common law trademark rights in the mark ONE MIND THERAPY;
    - Engaging in any acts of unfair competition that are likely to cause confusion as to the source, affiliation, or sponsorship of Defendant's services;
3. Compensatory damages in an amount to be determined at trial;
4. Defendant's profits derived from the wrongful use of the mark ONE MIND THERAPY;
5. Treble damages as provided by law;
6. Pre-judgment interest as provided by law;
7. Post-judgment interest as provided by law;

8. Costs of suit incurred herein;

9. Reasonable attorney's fees as provided by law; and

10. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: November 3, 2026

By: ______________________
Tamany Vinson Bentz
Attorney for Plaintiff